Michael J. Stortz (SBN 139386)
Michael.Stortz@klgates.com
Tae H. Kim (SBN 331362)
Tae.Kim@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Defendants*
EDWARD D. JONES & CO., L.P. and THE JONES FINANCIAL COMPANIES, L.L.L.P.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

IN RE EDWARD D. JONES & CO. DATA PRIVACY LITIGATION

Case No. 3:26-cv-01178-JD

*Assigned for all purposes to Hon. James Donato*

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

Date: August 13, 2026
Time: 11:00 a.m.
Location: Courtroom 11 – 19th Floor
Judge: Hon. James Donato

Compl. Filed: February 6, 2026
Am. Compl. Filed: February 20, 2026
Cons. Compl. Filed: June 19, 2026

# TABLE OF CONTENTS


**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ... 1

I. INTRODUCTION ... 1

II. STATEMENT OF ISSUES TO BE DECIDED ... 1

III. BACKGROUND ... 2

IV. ARGUMENT ... 2

A. Plaintiff Shah's Claims Should Be Dismissed Because He Voluntarily Dismissed Them with Prejudice. ... 2

B. Plaintiff Shah's Claims Are Independently Barred by His Consent to the Website's Use of Cookies and Third-Party Software. ... 3

C. Venue Is Improper Here as to Plaintiffs Shah and Stevens. ... 5

D. Plaintiffs Lack Article III Standing. ... 6

E. The CCAC Should Be Dismissed for Failure to State a Claim. ... 7

1. Plaintiffs Fail to State a Claim under CIPA and ECPA. ... 7

a. Plaintiffs' CIPA § 631 and ECPA Claims Are Deficient. ... 7

b. Plaintiffs' CIPA § 632 Claim Is Deficient. ... 10

c. Plaintiffs' CIPA §§ 638.50 and 638.51 Claim Is Deficient. ... 11

2. Plaintiffs Fail to State a Claim for Invasion of Privacy. ... 12

3. Plaintiffs Lack Statutory Standing Under the UCL and CDAFA. ... 14

4. Plaintiffs Fail to State a Viable Negligence Claim. ... 14

5. Plaintiffs' Unjust Enrichment Claim Fails. ... 15

V. CONCLUSION ... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alliance for Multilingual Multicultural Educ. v. Garcia*,
No. C 11–0215 PJH, 2011 WL 2532478 (N.D. Cal. June 24, 2011) ....... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....... 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....... 7

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
241 F. Supp. 3d 1084 (C.D. Cal. 2017) ....... 14, 15

*Boulton v. Community.com, Inc.*,
2025 WL 314813 (9th Cir. Jan. 28, 2025) ....... 11

*Cline v. Reetz-Laiolo*,
329 F. Supp. 3d 1000 (N.D. Cal. 2018) ....... 7

*Commercial Space Management Co. v. Boeing Co.*,
193 F.3d 1074 (9th Cir. 1999) ....... 3

*Concha v. London*,
62 F.3d 1493 (9th Cir. 1995) ....... 3

*Cosgrove v. Bartolotta*,
150 F.3d 729 (7th Cir. 1998) ....... 3

*Cribier v. Compass, Inc.*,
2025 WL 1939869 (N.D. Cal. July 14, 2025) ....... 6

*Esparza v. Gen. Digit. Inc.*,
2024 WL 655986 (C.D. Cal. Jan. 2024) ....... 8

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017) ....... 13

*In re Facebook Priv. Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014) ....... 14

*Forouzesh v. Starbucks Corp.*,
No. CV 16-3830 PA, 2016 WL 4443203 (C.D. Cal. Aug. 19, 2016) ....... 15

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*,
528 U.S. 167 (2000) ....... 6

*Gabali v. Onewest Bank, FSB*,
No. 5:12-CV-02901 EJD, 2013 WL 1320770 (N.D. Cal. Mar. 29, 2013) .......... 15

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......... 4

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) .......... 9

*Hammerling v. Google LLC*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 9

*Hazel v. Prudential Fin., Inc.*,
No. 22-CV-07465-CRB, 2023 WL 3933073 (N.D. Cal. June 9, 2023) .......... 14

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) .......... 13

*Hubbard v. Google LLC*,
No. 19-CV-07016-SVK, 2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 13

*Ingraham v. Capital One*,
Case No. 3:24-cv-05985-TLT-SK (N.D. Cal. 2024) .......... 3

*Intermedics, Inc. v. Ventritex, Inc.*,
775 F. Supp. 1258 (N.D. Cal. 1991) .......... 3

*In re iPhone App. Litig.*,
844 F. Supp. 2d at 1064 .......... 15

*J'Aire v. Gregory*,
24 Cal.3d 799 (1979) .......... 15

*Javier v. Assurance IQ, LLC*,
No. 4:20-CV-02860-JSW, 2021 WL 940319 (N.D. Cal. Mar. 9, 2021) .......... 5

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) .......... 9

*Kishnani v. Royal Caribbean Cruises Ltd.*,
No. 25-CV-01473-NW, 2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) .......... 12

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) .......... 8

*Krottner v. Starbucks Corp.*,
406 F. App'x 129 (9th Cir. 2010) .......... 15

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) .......... 4, 5

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023).......... 8

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) .......... 12, 15

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992).......... 6

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*,
306 F.3d 806 (9th Cir. 2002).......... 13

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 10

*Mitchener v. CuriosityStream, Inc.*
No. 25-CV-01471-NW, 2025 WL 2272413, at *4 (N.D. Cal. Aug. 6, 2025) .......... 7, 12

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*,
2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) .......... 10, 11

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir. 2001).......... 5, 6

*Nemaizer v. Baker*,
793 F.2d 58 (2d Cir. 1986).......... 3

*Opperman v. Path, Inc.*,
205 F. Supp. 3d 1064 (N.D. Cal. 2016) .......... 4

*People v. Nakai*,
183 Cal. App. 4th 499 (2010).......... 11

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025).......... 7

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021) .......... 15

*R.S. v. Prime Healthcare Servs., Inc.*,
2024 WL 3730609 (C.D. Cal. Aug. 7, 2024).......... 10

*Rodriguez v. Google LLC*,
No. 20-CV-04688-RS, 2021 WL 2026726 (N.D. Cal. May 21, 2021).......... 11

*Sanchez v. Cars.com Inc.*,
No. 24STCV13201, 2025 WL 487194 (Cal.Super. Jan. 27, 2025) .......... 12

*Sepanossian v. Nat'l Ready Mix Co., Inc.*,
97 Cal. App. 5th 192 (2023)........................................................................................ 15

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ............................................................... 14, 15

*Silver v. Stripe Inc.*,
No. 4:20-CV-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28, 2021).......................... 4, 5

*Smith v. Facebook, Inc.*,
745 F. App'x 8 (9th Cir. 2018) ....................................................................................... 4, 5

*Smith v. LoanMe, Inc.*,
11 Cal. 5th 183 (2021) ..................................................................................................... 11

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) ............................................................................. 9

*Taite v. Ramos*,
618 Fed. App'x 392 (10th Cir. 2015)................................................................................. 3

*Thomas v. Papa Johns Int'l, Inc.*,
No. 22CV2012 DMS (MSB), 2024 WL 2060140 (S.D. Cal. May 8, 2024).......................... 13

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ........................................................................................................... 7

*In re: USA Today Co., Inc., Internet Tracking Litig.*,
No. 24-CV-05150-MMC, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) ......................... 7

*In re Vizio, Inc. Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017)............................................................................... 8

*Williams v. Facebook, Inc.*,
384 F. Supp. 3d 1043 (N.D. Cal. 2018) ........................................................................... 14

*Williams v. What If Holdings LLC*,
2022 WL 17869275 (N.D. Cal. 2022)................................................................................ 10

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................................ 14

*Yale v. Clicktale, Inc.*,
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ..................................................................... 9

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014).3F ..................................................................................... 9

**Statutes**

18 U.S.C. §§ 2511(1)(a)-(d) ........ 8
18 U.S.C. § 2511(2)(d) ........ 4, 10
28 U.S.C. § 1391(b)(2) ........ 5
Cal. Penal Code § 631(a) ........ 4, 7, 8, 9
Cal. Penal Code § 632(a) ........ 4, 10
Cal. Penal Code § 632(c) ........ 5, 11
Cal. Penal Code § 638.50(b) ........ 11
Cal. Penal Code § 638.51(a) ........ 11
Cal. Penal Code § 638.52(d)(1), (3) ........ 12

**Other Authorities**

Federal Rule of Civil Procedure 9(b) ........ 2
Federal Rule of Civil Procedure 12(b)(1) ........ 1, 2
Federal Rule of Civil Procedure 12(b)(3) ........ 1
Federal Rule of Civil Procedure 12(b)(6) ........ 1, 2, 7
Federal Rule of Civil Procedure 41(a)(1) ........ 3
N. D. Cal. Civ. L. R. 3-2(c) ........ 6

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 13, 2026, at 11:00 a.m., before the Honorable James Donato of the United States District Court for the Northern District of California, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendants Edward D. Jones & Co., L.P. and The Jones Financial Companies, L.L.L.P. will, and hereby do, move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) for an order dismissing the consolidated class action complaint with prejudice.

The bases for this motion include the following: Plaintiff Shah's claims are barred because he voluntarily dismissed them with prejudice; venue is improper as to Plaintiffs Stevens and Shah, neither of whom can establish that a substantial part of the events giving rise to their claims occurred in this District; Plaintiffs have not alleged facts particular to their own individual experiences sufficient to establish Article III standing; and each of Plaintiffs' ten causes of action fails to state a claim upon which relief can be granted.

The motion is based upon this notice of motion; the memorandum of points and authorities in support thereof that follows; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Theresa Stevens, Dennis Frasher, and Vishal Shah ("Plaintiffs") allege that Defendants Edward D. Jones & Co., L.P. ("Edward Jones") and The Jones Financial Companies, L.L.L.P. (collectively, "Defendants") violated federal and California data privacy statutes and common law by incorporating third-party software technologies on www.edwardjones.com ("Website"), including the client Online Access portal ("Online Access"). Plaintiffs' Consolidated Class Action Complaint ("CCAC") suffers from multiple defects that require its dismissal.

*First*, Plaintiff Shah's claims must be dismissed because his voluntary dismissal with prejudice of a materially identical action against Edward Jones in the Central District of California operates as a final adjudication on the merits, barring him from relitigating those same claims here. *Second*, venue is improper as to Plaintiffs Shah and Stevens, neither of whom can establish that a substantial part of the events giving rise to their claims occurred in this District.[1] *Third*, Plaintiffs have not alleged facts particular to their experiences sufficient to establish Article III standing. *Fourth*, each of Plaintiffs' ten causes of action fails to state a claim. The CCAC does not plausibly allege an in-transit interception of communication contents as required by CIPA § 631 and ECPA; Plaintiffs do not allege the use of any tangible recording device or confidential communication as required by CIPA § 632; Plaintiffs' pen register and trap-and-trace claims are not tethered to any applicable statutory framework covering internet activity; and the remaining common law and statutory claims fail for lack of the requisite degree of offensive conduct, cognizable economic harm, or any viable legal theory. Accordingly, the Court should dismiss the CCAC.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Should Plaintiff Shah's claims be dismissed in this case because he already voluntarily dismissed them with prejudice in another action?

2. Should Plaintiffs Shah and Stevens' claims be dismissed under Rule 12(b)(3) for improper venue, and Plaintiff Frasher's claims be transferred to the San Jose Division, where those

---

[1] The action also is not properly filed in this District in light of the forum selection clauses to which Plaintiffs Frasher and Stevens agreed, as set forth more fully in Defendants' Motion to Transfer, filed concurrently herewith.

claims allegedly arose?

3. Should the CCAC be dismissed under Rule 12(b)(1) for lack of Article III standing?

4. Should the CCAC be dismissed under Rule 12(b)(6) for failure to state a claim?

## III. BACKGROUND

Plaintiffs Stevens, Frasher, and Shah are residents of San Diego County, San Benito County, and Orange County, respectively. CCAC (Dkt. 47) ¶¶ 25, 33, 41. Plaintiffs allege that Defendants are financial services entities with headquarters in Missouri, rather than in California. *Id.* ¶¶ 49, 55. Defendants operate and manage multiple web properties as part of their business, including the Website and Online Access, through which clients can view account information. *Id.* ¶ 70. Online Access is accessible only to customers who authenticate with a User ID and password. *Id.* ¶ 71.

Plaintiffs allege that Defendants made unauthorized disclosures of customers' and prospective customers' private data—including personally identifiable information ("PII") such as account information, portfolio holdings, and transaction history—via software of third parties, namely, Google LLC, Meta Platforms, Inc., The Trade Desk, Inc., LinkedIn Corporation, and Contentsquare Israel Ltd. *Id.* ¶ 1. Plaintiff Shah, who is not alleged to be an Edward Jones customer or even a prospective customer, specifically alleges that during a single visit to the Website in October 2025,[2] he used an advisor-matching quiz and that his PII and responses to survey questions were intercepted and disclosed to third parties. *Id.* ¶ 45-46. According to Plaintiffs, Defendants incorporated third-party software on the Website and Online Access to serve targeted advertisements and, consequently, to "make more money." *Id.* ¶ 50.

Based on these allegations, Plaintiffs bring ten causes of action under federal wiretap law, California privacy statutes, and common law and equitable theories. *Id.* ¶¶ 190-312.

## IV. ARGUMENT

### A. Plaintiff Shah's Claims Should Be Dismissed Because He Voluntarily Dismissed Them with Prejudice.

On February 18, 2026, Plaintiff Shah filed a putative class action in the Central District

[2] This single Website visit is the entirety of Plaintiff Shah's alleged connection to Defendants – and, notably, the same visit that formed the basis of his prior putative class action filed in the Central District, which he voluntarily dismissed with prejudice, but now reasserts here.

against Defendant Edward Jones, invoking the same statutes and alleging the same conduct at issue as it relates to him in the CCAC. Dkt. 23-1, Ex. A. The day after that action was assigned to District Judge Fred Slaughter, Plaintiff Shah "voluntarily dismisse[d] his claims, ***with prejudice***, against [Edward Jones]." Dkt. 23-1, Ex. B (emphasis added). That same day, he filed a new complaint in this District involving identical parties, facts, and claims. Dkt. 23-1, Ex. C. Those same allegations now appear for the third time in the CCAC before this Court.[3]

A dismissal with prejudice "has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir. 1986); *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991). The "filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subject of the notice," and once filed, "the court has no role to play." *Commercial Space Management Co. v. Boeing Co.*, 193 F.3d 1074, 1077 (9th Cir. 1999). "By obtaining such a dismissal, the plaintiff submits to a judgment that serves to bar his claims forever." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995).

Plaintiff Shah's only apparent argument to the contrary is the caption of the notice he filed in the Central District, which referred to dismissal "without prejudice." Courts across circuits, however, have consistently held that "the substance of a pleading—not its caption—controls." *Taite v. Ramos*, 618 Fed. App'x 392, 394 (10th Cir. 2015); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) ("captions do not control"). A mislabeled caption is "inconsequential" when the operative substance of the filing tells a different story. *Cosgrove*, 150 F.3d at 732; *see also Concha*, 62 F.3d at 1508 (looking past the "without prejudice" label and treating notice as dismissal with prejudice based on the operative substance of what the parties had agreed). The text of Plaintiff Shah's notice unequivocally dismissed his claims with prejudice, and that language governs.

### B. Plaintiff Shah's Claims Are Independently Barred by His Consent to the Website's Use of Cookies and Third-Party Software.

[3] Plaintiff Shah's conduct here reflects a broader pattern of serial class action litigation – by some estimates, more than 17 class actions filed in the California federal courts arising from Plaintiff Shah's online experience. For example, in *Ingraham v. Capital One*, Case No. 3:24-cv-05985-TLT-SK (N.D. Cal. 2024), Plaintiff Shah similarly filed a putative class action, only to abruptly dismiss his claims with prejudice after his deposition testimony raised serious questions about his putative claims and ability to serve as a class representative. *Id.*, Dkt. Nos. 159, 160, 162.

Plaintiff Shah's claims also fail because he consented to the very conduct he now challenges. "Consideration of consent is appropriate on a motion to dismiss where lack of consent is an element of the claim." *Silver v. Stripe Inc.*, No. 4:20-CV-08196-YGR, 2021 WL 3191752, at *2 (N.D. Cal. July 28, 2021); *Smith v. Facebook, Inc.*, 745 F. App'x 8, 9 (9th Cir. 2018) (affirming motion to dismiss based on consent). Lack of consent is an element of each of Plaintiff Shah's CIPA §§ 631 and 632 and ECPA causes of action.

The ECPA permits interception of an electronic communication "where one of the parties to the communication has given *prior consent* to such interception." 18 U.S.C. § 2511(2)(d) (emphasis added). CIPA § 631(a) likewise prohibits wiretapping "*without the consent* of all parties to the communication." *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1072 (N.D. Cal. 2016) (emphasis added). And CIPA § 632 prohibits recording a confidential communication "intentionally and *without the consent* of all parties." Cal. Penal Code § 632(a) (emphasis added).

When a California visitor accesses the Website, a persistent "Notice, Consent & Right to Opt-Out" (the "Cookies Banner") prevents scrolling, navigation, or any Website access until the visitor affirmatively selects either "Accept Cookies" or "Manage Cookies." Declaration of Angela Kammann in Support of Defendants' Motion to Dismiss (Kammann Decl.) ¶¶ 4-5. The Cookies Banner discloses that Edward Jones uses cookies for advertising and allows "third-party partners, including ad platforms," to collect information about the visitor's Website activity. *Id.* ¶¶ 5. This Cookies Banner has been in place since before October 2025—the period Plaintiff Shah alleges he visited the Website, CCAC ¶ 43—meaning Plaintiff Shah could not have accessed the Website, navigated to the financial advisor matching page, or completed the online quiz without first encountering and responding to it. Kammann Decl. ¶¶ 7-8; Request for Judicial Notice at 1-2.

Plaintiff Shah's conclusory allegation that Edward Jones disclosed his confidential information "without consent" does not survive scrutiny. *See In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) (dismissing CIPA claim where plaintiffs' allegation of no consent was "conclusory"). In *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047 (N.D. Cal. 2025), this Court dismissed analogous claims where disclosures regarding cookies and third-party data collection were provided to users. *Id.* at 1056. Edward Jones's mechanism is stronger still: consent

is obtained through a mandatory, non-bypassable banner requiring affirmative action before any access is granted. *See id.* at 1055-57 (dismissing claims with prejudice where defendant's cookies banner and privacy policy disclosed use of third-party cookies for advertising); *Silver*, 2021 WL 3191752, at *3-4 (dismissing ECPA and CIPA claims where plaintiff agreed to privacy policy disclosing data sharing with partners).

Plaintiff Shah's mandatory consent defeats his CIPA and ECPA claims. *See Smith*, 745 F. App'x at 9 (granting motion to dismiss ECPA and CIPA claims due to consent through cookies banner); *Javier v. Assurance IQ, LLC*, No. 4:20-CV-02860-JSW, 2021 WL 940319, at *2 (N.D. Cal. Mar. 9, 2021) (explaining that "[c]onsent generally defeats privacy claims" and granting motion to dismiss CIPA claim). As to CIPA § 632, Plaintiff Shah cannot claim his communications were "confidential" where the Cookies Banner expressly informed him that third-party ad platforms would collect information about his Website activity—collection Defendants deny was improper—and he affirmatively accepted. Cal. Penal Code § 632(c); *Lakes*, 777 F. Supp. 3d at 1057.

### C. Venue Is Improper Here as to Plaintiffs Shah and Stevens.

Venue is proper only where a "substantial part" of the events and omissions giving rise to the claim took place specifically in *this District* – not merely somewhere within California. 28 U.S.C. § 1391(b)(2); *see Alliance for Multilingual Multicultural Educ. v. Garcia*, No. C 11–0215 PJH, 2011 WL 2532478, at *7 (N.D. Cal. June 24, 2011) (noting that "the 'events and omissions' that are considered are only those that directly give rise to the claim"). The core inquiry is the locus of the alleged injury. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) (holding that locus of injury is a relevant factor in determining where substantial part of events giving rise to the claim occurred). Plaintiffs' allegation that the relevant events "occurred in this State," CCAC ¶ 16, does not satisfy that standard.

When Plaintiff Shah first filed suit against Edward Jones in the Central District, he alleged without qualification that "the acts that gave rise to this cause of action occurred within" that district. Dkt. 23-1, Ex. A at ¶ 11. Those are the exact same "acts" upon which he now relies in support of his claims in this action. Shah's admission in his own pleading regarding the conduct underlying his claim forecloses any contention that a substantial part of the relevant events occurred

in this District. Having identified the proper forum in the Central District, Plaintiff Shah cannot now manufacture a connection to this forum simply by re-filing here and recasting his allegations.

Venue is equally improper as to Plaintiff Stevens. Any injury she suffered would have been felt in San Diego County, where she resides, CCAC ¶ 25, not in this District. *See Myers*, 238 F.3d at 1074 (concluding that plaintiff's injury occurred where plaintiff resides). A statewide allegation lacking a substantial nexus with this District does not fill that gap. *See Cribier v. Compass, Inc.*, 2025 WL 1939869, at **4-5 (N.D. Cal. July 14, 2025) (plaintiff residing in Southern California could not establish venue under section 1391(b) over an out-of-state defendant).

The venue defect is compounded by the case's assignment to the San Francisco Division. None of the Plaintiffs assert claims arising from events in the counties that make up this Division. CCAC ¶¶ 25, 33, 41. And their purported injuries occurred where they reside. The only in-District Plaintiff is Frasher, who resides in San Benito County, within the San Jose Division. The case is thus misassigned three times over: (1) as to Plaintiffs Stevens and Frasher by filing in this District contrary to the forum selection clauses to which they agreed (*see* Defendants' Motion to Transfer); (2) as to Plaintiffs Stevens and Shah by filing in this District contrary to section 1391; and (3) as to all Plaintiffs by filing in this Division. Even apart from the forum-selection clauses addressed in Defendants' concurrently filed Motion to Transfer, keeping these claims here would flout the venue statute and this District's own intra-district assignment rules. *See* N.D. Cal. Civ. L.R. 3-2(c).

**D. Plaintiffs Lack Article III Standing.**

Plaintiffs bear the burden to allege facts showing standing under Article III to pursue the asserted claims, including a concrete and particularized injury in fact specific to each Plaintiff. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiffs bear burden of establishing standing); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000) (injury in fact must be concrete and particularized). The "named plaintiffs who represent a class must allege and show that they personally have been injured," *Friends of the Earth*, 528 U.S. at 180, and "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original). As the Ninth Circuit explained in *Popa v. Microsoft Corp.*, 153

F.4th 784, 790-791 (9th Cir. 2025), the standing inquiry must be "particularized to a plaintiff's circumstances and benchmarked to a specific tort." *Accord Mitchener v. CuriousityStream*, No. 25-CV-01471-NW, 2025 WL 2272413, at *4 (N.D. Cal. Aug. 6, 2025).

Plaintiffs' CCAC fails to meet their pleading burden. Although it generally and at length alleges how third-party software functions on the Website (CCAC ¶¶ 75-119), the CCAC does not connect those allegations to any specific information associated with or putative injury to any Plaintiff. Among other things, the CCAC fails to allege which challenged software technology intercepted which Plaintiff's online interaction, during which online visit that interception occurred, what information was intercepted or transmitted, or to whom, or how the transmission injured Plaintiff. Instead, Plaintiffs Stevens and Frasher allege that Defendants disclosed an undefined "full transaction history to Google," while Plaintiff Shah alleges disclosure of "PII and answers to survey questions." *Id.* ¶¶ 30, 38, 46. Such allegations fall short of meeting Plaintiffs' burden to plead facts showing injury arising from the collection and disclosure of information associated with each Plaintiff. *See In re: USA Today Co., Inc., Internet Tracking Litig.*, No. 24-CV-05150-MMC, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) (citing *Mitchener*) (dismissing for lack of Article III standing). Plaintiffs' CCAC should therefore be dismissed for lack of standing.

**E. The CCAC Should Be Dismissed for Failure to State a Claim.**

Rule 12(b)(6) requires non-conclusory factual allegations that, if true, plausibly support a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiffs' pleaded claims do not meet that standard.

**1. Plaintiffs Fail to State a Claim under CIPA and ECPA.**

**a. Plaintiffs' CIPA § 631 and ECPA Claims Are Deficient.**

CIPA § 631 prohibits willfully reading or attempting to read any communication "while the same is in transit" without the consent of all parties, and aiding or conspiring to do so. Cal. Penal Code § 631(a). Plaintiffs assert violations of CIPA § 631 and the ECPA on the same theory, that Defendants "aided, employed, agreed with, conspired with, and procured third parties[']" interception of their communications. CCAC ¶¶ 194, 212. Both claims fail for the same reasons.[4]

[4] Courts routinely analyze violations of CIPA § 631 and the ECPA together because "analysis for

***First***, Plaintiffs do not plausibly allege that any third party read, or attempted to read, a communication "in transit." Under both statutes, Plaintiffs must plead facts showing that Defendants "intercepted" a communication while it was "in transit." *See* Cal. Penal Code § 631(a) ("reads . . . communication while . . . in transit"); 18 U.S.C. §§ 2511(1)(a)-(d) ("intercept[ion]" of a communication). "Courts in the Ninth Circuit have interpreted the in transit requirement narrowly," *Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1109 (C.D. Cal. 2023), as requiring "acquisition contemporaneous with transmission," *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). Conclusory allegations that interception occurred "contemporaneously," "during transmission," or "in real time" do not suffice. *See In re Vizio, Inc. Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1226, 1228 (C.D. Cal. 2017).

The CCAC offers only those conclusory allegations. Plaintiffs allege that third-party software technologies "transmit a website user's actions and communications contemporaneously as the user initiates each communication," and that communications were intercepted "before reaching Edward Jones's server." CCAC ¶¶ 200, 216. But Plaintiffs do not allege facts describing any specific interception of any Plaintiff's actual communication during transmission, when it occurred, what was captured in transit, or how any particular Plaintiff's data was routed to a third party before or simultaneously with receipt by Defendants. Instead, they rely on generalized, website- and portal-wide descriptions of how third-party software allegedly operates, coupled with formulaic assertions that communications were "automatically," "contemporaneously," or "simultaneously" intercepted "in real time." *Id.* ¶¶ 83, 199, 202, 215-16. That is precisely the kind of conclusory recitation of statutory language that courts in this Circuit have found insufficient. *See, e.g., Esparza v. Gen. Digit. Inc.*, 2024 WL 655986, at *4 (C.D. Cal. Jan. 2024) (finding plaintiff failed to state a § 631 claim because he "fail[ed] to allege specific facts about what was intercepted, when the interception took place, and how the interception took place.").

Plaintiffs' own allegations reinforce the defect. The CCAC repeatedly characterizes Defendants' conduct as "disclosure" of Plaintiffs' information to third parties, not third-party

---

a violation of CIPA is the same as that under the federal Wiretap Act." *Cline v. Reetz-Laiolo*, 329 F. Supp. 3d 1000, 1051 (N.D. Cal. 2018) (citation omitted).

interception at transmission. CCAC ¶¶ 1, 11, 72, 203, 218. Plaintiffs also allege that Defendants control "what information is traced and transmitted" and "how events are categorized *prior* to their transmission." *Id.* ¶¶ 197, 214 (emphasis added). That alleged sequence—processing and categorizing data before transmitting it outward—describes a post-receipt, pre-transmission-to-third-party sequence that is inconsistent with real-time interception in transit. Likewise, Plaintiffs allege the third-party software technologies "intercepted, recorded, and transmitted" activity to third parties, a sequential theory inconsistent with contemporaneous acquisition. *See Hammerling v. Google LLC*, 2022 WL 17365255, at *10 (N.D. Cal. Dec. 1, 2022) (dismissing CIPA claim because "fact[s] d[id] not plausibly allege that [Defendant] intercepted [] data").

***Second***, Plaintiffs fail to allege the interception of "contents." Both CIPA § 631 and the ECPA require interception of "contents" of a communication—*i.e.*, "the intended message conveyed by the communication," not "[r]ecord information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014).[5] The crux of the CCAC is the alleged capture of page URLs, user actions, "page view" events, IP addresses, cookie values, and user and device identifiers, CCAC ¶¶ 77-119, 123-148, which are precisely the type of non-substantive record information that falls outside both statutes' reach. *See Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 n.9 (N.D. Cal. 2023) (finding "webpage titles, webpage keywords, the date and times of website visits, IP addresses, [and] page visits" are not content information); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *1, *3 (N.D. Cal. Apr. 15, 2021) ("date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" were mere record information).

***Third***, Plaintiffs' claims fail because they allege the information they entered was provided to Defendants' Website or Online Access, making Defendants a party to the communication. As the court in *Swartz* explained, "it is established that a party to the communication cannot be liable for recording its own conversations under § 631(a)." *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d

[5] As with the "in transit" element, "content" has the same meaning under CIPA § 631(a) and the ECPA. *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021).

732, 744 (N.D. Cal. 2023); *Williams v. What If Holdings LLC*, 2022 WL 17869275, at *2 (N.D. Cal. 2022) ("As the website owner, [defendant] was the intended recipient of plaintiff's communication[s]."). Likewise, no ECPA claim lies where "one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act . . . ." 18 U.S.C. § 2511(2)(d); *see also R.S. v. Prime Healthcare Servs., Inc.*, 2024 WL 3730609, at *2 (C.D. Cal. Aug. 7, 2024) (recognizing "exemption from liability for a person who is a 'party' to the communication").

Plaintiffs cannot invoke the ECPA's crime-tort exception. They allege no facts indicating that Defendants' purpose in placing third-party software on their Website and Online Access was to "injure plaintiffs tortiously" as opposed "to make money." *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) ("Multiple courts in this [D]istrict have found that the crime-tort exception to the Wiretap Act is inapplicable where the defendant's primary motivation was to make money, not to injure plaintiffs tortiously."). Plaintiffs' allegation that Defendants incorporated third-party software to "use the analytics and advertising services offered by these third parties to serve targeted advertisements . . . and, consequently, make more money" (CCAC ¶ 50) squarely precludes any attempt to invoke the crime-tort exception.

**b. Plaintiffs' CIPA § 632 Claim Is Deficient.**

CIPA § 632 prohibits a "person" from intentionally "us[ing] an electronic amplifying or recording device to eavesdrop upon or record [a] confidential communication" without consent. Cal. Penal Code § 632(a). Plaintiffs do not plausibly allege that Defendants engaged in that conduct.

***First***, Plaintiffs' claim fails because third-party software technologies do not constitute a "device"—they are intangible "snippets of code," CCAC ¶ 73, that were purportedly embedded in the Website and Online Access. The plain meaning of the term and courts' historical interpretation demonstrate that a "device" must be *tangible* equipment. As one court explained in interpreting a provision of CIPA, software code is not a "device" under the plain meaning of that term. *See Moreno v. San Francisco Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017). Rather, dictionaries define "device" to mean a specialized piece of *physical* equipment. For example, Merriam-Webster defines "device" as "a piece of equipment or a mechanism designed

to serve a special purpose or perform a special function." *Id.* (citation omitted).

***Second***, Plaintiffs' claim fails because CIPA § 632 applies only to "confidential communications," which are statutorily defined to "exclude[] a communication made . . . in any . . . circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c). To qualify as confidential, a "party to the conversation must carry 'an objectively reasonable expectation that the conversation is not being overheard *or* recorded'"—including by the other party to the conversation. *Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (emphasis added) (citation omitted).

Here, Plaintiffs do not, and cannot, allege an "objectively reasonable expectation" that their actions were not being recorded. Information entered into a website or online portal is, by definition, recorded. *See Boulton v. Community.com, Inc.*, 2025 WL 314813, at *2 (9th Cir. Jan. 28, 2025). Moreover, Plaintiffs allege no facts sufficient to overcome the presumption that their internet-based communications with the Website or Online Access are not confidential. Plaintiffs' allegation that they expected that their information would "remain private," CCAC ¶ 11, does not suffice because it "does not reasonably give rise to the expectation that *nobody* (including the [website]) would record the communications." *Rodriguez*, 2021 WL 2026726, at *7 (dismissing Section 632 claim). Where, as here, "the circumstances reflect that the communications could have easily been shared or viewed," those communications are not "confidential" under CIPA § 632. *People v. Nakai*, 183 Cal. App. 4th 499, 518 (2010) (internet communications not "confidential").

**c. Plaintiffs' CIPA §§ 638.50 and 638.51 Claim Is Deficient.**

CIPA § 638.51(a) prohibits a person from "install[ing] or us[ing] a pen register or trap and trace device without first obtaining a court order." Cal. Penal Code § 638.51(a). A pen register is "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b).

The plain language of the statute and legislative history establish that CIPA § 638.51(a)'s pen register restrictions apply only to communications through a telegraph or telephone. *See Smith*

*v. LoanMe, Inc.*, 11 Cal. 5th 183, 191 (2021) (finding the Legislature's intent evidenced through their amendments to CIPA "to take account of privacy issues raised by increased use of cellular and cordless telephones"); *Sanchez v. Cars.com Inc.*, No. 24STCV13201, 2025 WL 487194, at *3 (Cal.Super. Jan. 27, 2025) (finding legislative history of CIPA suggests "pen register" and "track and trace devices" refer to devices or processes used to record or decode dialing, routing, addressing, or signaling information from telephone numbers, not internet communications such as websites). In fact, the California Legislature amended CIPA § 638 as recently as 2015, adopting the same authorization provision in CIPA § 638.52 that courts have relied on under the federal Pen Register Act to find that the Act applied only to mechanical, telephone number-tracing technology, not technology used to collect the IP address from a desktop computer. *See* Cal. Penal Code § 638.52(d)(1), (3) (requiring court order to identify the person "in whose name . . . the telephone line to which the pen register . . . is to be attached").

Judge Wise's recent decisions addressing § 638.51 illustrate the deficiencies in Plaintiffs' claim. In *Mitchener*, Judge Wise explained that a "trap and trace device" by statutory definition "captures identifying information ***about*** a communication ***but not the contents*** of a communication." 2025 WL 2272413, at *4 (internal quotation marks and citation omitted) (emphasis in original); *see also Kishnani v. Royal Caribbean Cruises Ltd.*, No. 25-CV-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. June 24, 2025), *appeal dismissed*, No. 25-4452, 2025 WL 2943080 (9th Cir. Oct. 3, 2025) (same). Judge Wise dismissed with prejudice the CIPA trap-and-trace claims based on software code embedded on defendant's website, finding that if the code collected *content* it would fall outside the statutory definition, and if it collected only *metadata* such as IP addresses the plaintiff would lack any cognizable privacy interest. *See Mitchener*, 2025 WL 2272413, at *4; *Kishnani*, 2025 WL 1745726, at *4. Therefore, to the extent Plaintiffs contend the third-party software recorded the "contents" of a communication, those technologies necessarily fall outside the statutory definition entirely.

**2. Plaintiffs Fail to State a Claim for Invasion of Privacy.**

"The California Constitution and the common law set a high bar for an invasion of privacy claim." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Where, as here,

constitutional and common law claims are brought together, "courts conduct a combined inquiry that considers (1) the nature of any intrusion upon reasonable expectations of privacy, and (2) the offensiveness or seriousness of the intrusion." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 846 (N.D. Cal. 2017) (cleaned up). "The gravamen" of the claim "is the mental anguish sustained when both conditions of liability exist." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 286 (2009). Neither element exists here.

"Given the inherent nature of the internet, a number of courts have found that consumers do not have a reasonable expectation of privacy over their activity in that space." *Thomas v. Papa Johns Int'l, Inc.*, No. 22CV2012 DMS (MSB), 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) (collecting cases). Much of the information specifically identified in the CCAC—page view events, URLs, IP addresses, cookie values, and user and device identifiers—constitutes unremarkable routing and analytics data that users necessarily and knowingly share with third parties as a condition of using the internet. "Contemporary internet browsing involves the collection of users' data, including by tracking users across the internet, *and a reasonable user should expect as much*." *Hubbard v. Google LLC*, No. 19-CV-07016-SVK, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (emphasis in original). While Plaintiffs also invoke account information and transaction history to try to elevate their claim, those allegations are conclusory and untethered to any specific named Plaintiff's experience on the Website or Online Access. CCAC ¶¶ 137-146.

Nor do Plaintiffs allege any *use* of their information "in a manner highly offensive to a reasonable person." *Hernandez*, 47 Cal. 4th at 286. This high standard requires "an exceptional kind of prying into another's private affairs," such as "taking the photograph of a woman in the hospital with a 'rare disease that arouses public curiosity.'" *Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 819 (9th Cir. 2002). Conduct motivated by "legitimate business reasons"—as opposed to "socially repugnant . . . reasons"—cannot be considered "highly offensive to a reasonable person." *Hernandez*, 47 Cal. 4th at 286, 297.

The CCAC alleges merely that Defendants' purpose in deploying the third-party software technologies was for website analytics or marketing, CCAC ¶¶ 50, 306—a commercial motivation, not a "socially repugnant" one. Courts in this Circuit consistently reject privacy claims based on

such conduct. *See, e.g.*, *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025) (disclosure of employment information, account information, and credit card eligibility does not rise to the level of an "egregious breach of social norms"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) ("Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy").

**3. Plaintiffs Lack Statutory Standing Under the UCL and CDAFA.**

Plaintiffs fail to plausibly allege the economic harm required to establish standing for their CDAFA and UCL claims. *See Williams v. Facebook, Inc.*, 384 F. Supp. 3d 1043, 1050 (N.D. Cal. 2018) (CDAFA requires "a showing of economic harm or loss"); *Hazel v. Prudential Fin., Inc.*, No. 22-CV-07465-CRB, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) (UCL requires plaintiff to allege that it "ha[s] lost money or property" because of the defendant's conduct). Plaintiffs assert a "property interest" in their personal information and claim a loss of "money and/or property." CCAC ¶¶ 271, 275. But these allegations fail as a matter of law because "personal information does not constitute property for purposes of a UCL claim." *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), *aff'd,* 572 F. App'x 494 (9th Cir. 2014).

Nor do Plaintiffs adequately allege any money that they lost as a result of Defendants' conduct. Plaintiffs' theory of economic harm is, at bottom, that their personal information has value and that Defendants benefited by allowing third parties to collect it. But that theory has been squarely rejected. *See Shah*, 768 F. Supp. 3d at 1048 ("Plaintiffs also cannot make an argument that the profit Defendant made as a result of disclosing Plaintiffs' data is sufficient to demonstrate a loss."); *Hazel*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023) ("But just because Plaintiffs' data is valuable in the abstract, and because [Defendant] might have made money from it, does not mean that Plaintiffs have 'lost money or property' as a result"). It follows that Plaintiffs' claims under the UCL and CDAFA must be dismissed for lack of statutory standing.

**4. Plaintiffs Fail to State a Viable Negligence Claim.**

California's "economic loss rule bars [Plaintiffs'] negligence claim" because it generally precludes "claims for negligence involving only economic loss." *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1091-92 (C.D. Cal. 2017). Plaintiffs' claimed injuries are purely

economic—*i.e.*, they do not involve physical injuries or property damage. Although Plaintiffs invoke the "special relationship" exception with the conclusory allegation that Defendants' "duty of care arose as a result of, among other things, the special relationship that existed between Edward Jones and its customers and prospective customers," CCAC ¶ 300, the CCAC lacks facts sufficient to support this alleged special relationship. *See J'Aire v. Gregory*, 24 Cal.3d 799, 804 (1979) (setting forth six-factor test necessary to establish special relationship). Nor can Plaintiffs plead this standard (with the potential exception of Plaintiff Shah, who was not an accountholder) because the special relationship "is not applicable here, where, unlike in *J'Aire*, Plaintiff and Defendant are in privity of contract." *Body Jewelz*, 241 F. Supp. 3d at 1092 (citations omitted).

Further, the CCAC alleges no "appreciable, nonspeculative, present harm" caused by the breach of Defendants' alleged duties. *Low*, 900 F. Supp. 2d at 1032. Courts routinely dismiss negligence claims where plaintiffs allege only losses related to the "disclosure" of their "personal data." *In re iPhone App. Litig.*, 844 F. Supp. 2d at 1064; *see also, e.g., Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) ("the mere misappropriation of personal information does not establish compensable damages" (quotation marks omitted)). The injuries Plaintiffs assert, CCAC ¶ 13, are rooted in the alleged risk of future harm, insufficient to support a negligence claim. *See Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) ("mere danger of future harm, unaccompanied by present damage, will not support a negligence action.").

**5. Plaintiffs' Unjust Enrichment Claim Fails.**

Plaintiffs' unjust enrichment claim fails because "there is no cause of action in California labeled unjust enrichment." *Sepanossian v. Nat'l Ready Mix Co., Inc.*, 97 Cal. App. 5th 192, 206 (2023); *Gabali v. Onewest Bank, FSB*, No. 5:12-CV-02901 EJD, 2013 WL 1320770, at *7 (N.D. Cal. Mar. 29, 2013) (same). Unjust enrichment is a remedy available where the remedies at law are inadequate. *See Shah*, 768 F. Supp. 3d at 1051. Because Plaintiffs' substantive claims fail, they "ha[ve] no viable basis for invoking entitlement to . . . unjust enrichment." *Forouzesh v. Starbucks Corp.*, No. CV 16-3830 PA (AGRX), 2016 WL 4443203, at *5 (C.D. Cal. Aug. 19, 2016).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Dated: July 6, 2026

K&L GATES LLP

By: */s/ Michael J. Stortz*
Michael J. Stortz
Tae H. Kim
K. Taylor Yamahata

*Attorneys for Defendants*
EDWARD D. JONES & CO., L.P. and THE JONES FINANCIAL COMPANIES, L.L.L.P.