Robert C. Schubert S.B.N. 62684
Willem F. Jonckheer S.B.N. 178748
Amber L. Schubert S.B.N. 278696
Sonum Dixit S.B.N. 353395
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel.: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
aschubert@sjk.law

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

Alec M. Leslie (*pro hac vice*)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (646) 837-7126
aleslie@bursor.com

Joshua R. Wilner S.B.N. 353949
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel.: (925) 300-4455
jwilner@bursor.com

*Attorneys for Plaintiffs and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE EDWARD D. JONES & CO. DATA PRIVACY LITIGATION | Case No: 3:26-cv-01178-JD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**<br><br>Hon. James Donato |

# TABLE OF CONTENTS

**PAGE(S)**


I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. FACTUAL BACKGROUND ........ 2

IV. ARGUMENT ........ 3

A. Edward Jones's Attacks on Plaintiff Shah are Improper ........ 3

B. Plaintiff Shah Did Not Consent to Defendant's Conduct ........ 3

C. Venue is Proper ........ 5

D. Plaintiffs Readily Meet the Requirement for Article III Standing ........ 5

E. Plaintiffs Plausibly Allege CIPA 631 Claims ........ 6

F. Plaintiffs Plausibly Allege ECPA Claims ........ 8

G. Plaintiffs Plausibly Allege CIPA § 632 Claims ........ 9

H. Plaintiffs Plausibly Allege CIPA § 638 Claims ........ 10

I. Plaintiffs Plausibly Allege Invasion of Privacy Claims ........ 12

J. Plaintiffs Plausibly Allege UCL and CDAFA Standing ........ 13

K. Plaintiffs Plausibly Allege Negligence Claims ........ 14

L. Plaintiffs Plausibly Allege Unjust Enrichment Claims ........ 15

V. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Armacost v. Depuy Synthes Sales, Inc.*,
2018 WL 11471582 (N.D. Cal. June 7, 2018) .......... 5

*Arroyo v. Sanatlantic Petroleum LLC*,
2019 WL 13466445 (C.D. Cal. July 31, 2019) .......... 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 2

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 2

*Boulton v. Community.com, Inc.*,
2025 WL 314813 (9th Cir. Jan. 28, 2025) .......... 10

*Branch v. Umphenour*,
2016 WL 7491629 (E.D. Cal. Dec. 29, 2016) .......... 5

*Brooks v. Thomson Reuters Corp.*,
2021 WL 3621837 (N.D. Cal. Aug. 16, 2021) .......... 15

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) .......... 3, 8

*Brown v. Google LLC*,
685 F. Supp. 3d 909 (N.D. Cal. 2023) .......... 13

*Brown v. Google LLC*,
2021 WL 6064009 (N.D. Cal. Dec. 22, 2021) .......... 13

*Calhoun v. Google LLC*,
526 F. Supp. 3d 605 (N.D. Cal. 2021) .......... 3

*Casillas v. Six Flags Ent. Corp.*,
2025 WL 3684543 (C.D. Cal. Dec. 15, 2025) .......... 6

*Conohan v. Rad Power Bikes Inc.*,
No. CV 25-0106, 2025 WL 1111246 (C.D. Cal. Apr. 3, 2025) .......... 10

*Cottle v. Plaid Inc.*,
536 F. Supp. 3d 461 (N.D. Cal. 2021) .......... 6

*Doe v. GoodRx Holdings, Inc.*,
2025 WL 2052302 (N.D. Cal. July 22, 2025) .......... 13

*Doe v. Meta Platforms, Inc.*,
690 F. Supp. 3d 1064 (N.D. Cal. 2023) .......... 8, 9

*ESG Cap. Partners, LP v. Stratos*,
828 F.3d 1023 (9th Cir. 2016) .......... 15

*Esparza v. Gen Digital Inc.*,
2024 WL 655986 (C.D. Cal. Jan. 16, 2024) .......... 7

*Gabrielli v. Motorola Mobility LLC*,
2025 WL 1939957 (N.D. Cal. July 14, 2025) .......... 11, 12

*Griffith v. TikTok, Inc.*,
2023 WL 9019035 (C.D. Cal. Dec. 13, 2023) .......... 6

*Hammerling v. Google, LLC.*,
2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) .......... 7

*Harris v. iHeart Media, Inc..*,
2026 WL 247875 (N.D. Cal. January 29, 2026) .......... 10

*Hazel v. Prudential Fin., Inc.*,
2023 WL 3933073 (N.D. Cal. June 9, 2023) .......... 13

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (Cal. 2009) .......... 12

*Hubbard v. Google LLC*,
2024 WL 3302066 (N.D. Cal. July 1, 2024) .......... 12

*In re Facebook, Inc., Consumer Priv. User Profile Litig.*,
402 F. Supp. 3d .......... 4

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) .......... 6, 12, 13

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) .......... 5

*In re iPhone App. Litig.*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......... 15

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) .......... 4, 8

*In re Meta Pixel Tax Filing Cases*,
724 F. Supp. 3d 987 (N.D. Cal. 2024) .......... 14

*In re Meta Pixel Tax Filing Cases*,
2025 WL 2243615 (N.D. Cal. Aug. 6, 2025) .......... 10, 11

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........ 12

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ........ 6

*In re: USA Today Co., Inc., Internet Tracking Litig.*,
2026 WL 932655 (N.D. Cal. Apr. 6, 2026) ........ 6

*Javier v. Assurance IQ, LLC*,
2021 WL 940319 (N.D. Cal. Mar. 9, 2021) ........ 4

*Javier v. Assurance IQ, LLC*,
2022 WL 1744107 (9th Cir. May 31, 2022) ........ 4

*Jones v. Skullcandy, Inc.*,
2026 WL 699819 (S.D. Cal. Mar. 12, 2026) ........ 9

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........ 6

*Kishnani v. Royal Caribbean Cruises Ltd.*,
2025 WL 1745726 (N.D. Cal. Jun. 24, 2025) ........ 11

*Krottner v. Starbucks Corp.*,
406 F. App'x 129 (9th Cir. 2010) ........ 14

*Krzyzek v. OpenXTechs, Inc.*,
2026 WL 206855 (N.D. Cal. Jan. 27, 2026) ........ 7, 8, 13

*L.B v. LinkedIn Corp.*,
2025 WL 2899514 (N.D. Cal. Oct. 10, 2025) ........ 9

*Lakes v. Ubisoft, Inc.*,
777 F. Supp. 3d 1047 (N.D. Cal. 2025) ........ 4

*Libman v. Apple, Inc.*,
2024 WL 4314791 (N.D. Cal. Sept. 26, 2024) ........ 9

*Lorentzen v. Kroger Co.*,
532 F. Supp. 3d 901 (C.D. Cal. 2021) ........ 5

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 14

*McClung v. AddShopper, Inc.*,
2024 WL 189006 (N.D. Cal. Jan. 17, 2024) ........ 13

*McDonald v. Kiloo ApS*,
385 F. Supp. 3d 1022 (N.D. Cal. 2019) ........ 2

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*,
306 F.3d 806 (9th Cir. 2002) .......... 12

*Mirmalek v. L.A. Times Commc'ns LLC*,
2024 WL 5102709 (N.D. Cal. Dec. 12, 2024) .......... 10

*Mitchener v. Curiositystream, Inc.*,
2025 WL 2272413 (N.D. Cal. Aug. 6, 2025) .......... 11

*Moreno v. San Francisco Bay Area Rapid Transit Dist.*,
2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) .......... 9

*Parks v. Armour Pharms.*,
WL 13232 (N.D. Cal. Jan. 6, 1995) .......... 3

*People v. Nakai*,
183 Cal. App. 4th 499 (2010) .......... 10

*Pruchnicki v. Envision Healthcare Corp.*,
845 F. App'x 613 (9th Cir. 2021) .......... 14

*Riganian v. LiveRamp Holdings, Inc.*,
791 F. Supp. 3d 1075 (N.D. Cal. 2025) .......... 7, 8, 10, 11

*Rodriguez v. California Highway Patrol*,
89 F. Supp. 2d 1131 (N.D. Cal. 2000) .......... 5

*Rodriguez v. Google LLC*,
2021 WL 2026726 (N.D. Cal. May 21, 2021) .......... 10

*Sanchez v. Cars.com Inc.*,
2025 WL 487194 (Cal. Super. Jan. 27, 2025) .......... 10

*Selby v. Sovrn Holdings, Inc.*,
2025 WL 2950164 (N.D. Cal. Oct. 17, 2025) .......... 13

*Shah v. Cap. One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) .......... passim

*Shah v. Fandom, Inc.*,
754 F. Supp. 3d 924 (N.D. Cal. 2024) .......... 11

*Shipley v. Meta Platforms, Inc.*,
2025 WL 3683868 (N.D. Cal. Dec. 18, 2025) .......... 15

*Silver v. Stripe Inc.*,
2021 WL 3191752 (N.D. Cal. July 28, 2021) .......... 4, 12

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017) .......... 4

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021) .......... 10

*Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002 (N.D. Cal. Aug. 4, 2025) .......... 8

*Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898 (S.D. Cal. 2020) .......... 14

*Stein v. Edward-Elmhurst Health*, 2025 WL 580556 (N.D. Ill. 2025) .......... 8

*Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732 (N.D. Cal. 2023) .......... 8

*Tate v. VITAS Healthcare Corp.*, 762 F. Supp. 3d 949 (E.D. Cal. 2025) .......... 9

*Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140 (S.D. Cal. May 8, 2024) .......... 12

*Turner v. Apple, Inc.*, 2022 WL 445755 (N.D. Cal. Feb. 14, 2022) .......... 15

*Williams v. What If Holdings LLC*, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) .......... 8

*Yale v. Clicktale, Inc.*, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) .......... 7

*Yockey v. Salesforce, Inc.*, 2024 WL 3875785 (N.D. Cal. Aug. 16, 2024) .......... 9

*Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041 (N.D. Cal. December 30, 2024) .......... 9

**STATUTES**

28 U.S.C. § 1391(b)(2) .......... 5

Cal. Penal Code § 638.51 .......... 11

Cal. Penal Code § 638.51(b) .......... 11

**RULES**

Federal Rule of Civil Procedure 12(b)(6) .......... 2

**OTHER AUTHORITIES**

S. Comm. on Pub. Safety, Analysis of A.B. 929 .................................................................... 11

## I. INTRODUCTION

This case concerns the unlawful interception, disclosure, and monetization of some of Plaintiffs' and Class Members' most sensitive types of data, reflecting their financial transactions (i.e., specific deposits, withdrawals, investments), total assets, financial goals, and financial planning. Plaintiffs reasonably expected that when they used Edward Jones's "secure" password-protected online portal, or sought to be matched with a financial advisor, this type of information would, of course, remain private.

That did not happen. Edward Jones embedded third-party tracking technologies on its web properties that caused Plaintiffs' communications to be intercepted and transmitted to third parties, including Google, Meta, LinkedIn, Trade Desk, and ClickTale, without consent. Edward Jones allowed these third parties to intercept the contents of Plaintiffs' communications, including full transaction histories, real-time queries for financial products, account values, and portions of account numbers, alongside persistent identifiers such as IP addresses and tracking cookies that allow these third parties to associate the data with specific individuals.

Edward Jones attempts to trivialize this conduct by labeling the data "unremarkable" and suggesting consumers "should expect" such disclosures. But the law—and common sense—say otherwise. Courts have repeatedly recognized that communications revealing a user's queries, inputs, and financial activity are protected, particularly where, as here, the communications occur within a password-protected environment designed to keep information private.

Edward Jones's remaining arguments fare no better. Its position that the alleged interception and disclosure of Plaintiffs' financial communications fall outside CIPA and the ECPA cannot be reconciled with the numerous decisions in this Circuit sustaining materially similar claims. Its challenge to Plaintiffs' UCL, CDAFA, and negligence claims rests on an equally flawed premise: that the unauthorized appropriation of valuable financial data causes no cognizable economic harm. So does its standing argument, which suggests that Plaintiffs plead only generic, group-wide harm without alleging facts particular to each Plaintiff's own experience—what data was disclosed about them, and to whom. Despite these claims, the CCAC is grounded in actual testing of the Edward

Jones Properties, documenting precisely what data each tracking technology captured from Plaintiffs specifically and the Class, when it was intercepted, and to which third party it was transmitted. CCAC ¶¶ 120–148.

For these reasons, and those set forth below, Defendants' Motion should be denied.

## II. <u>LEGAL STANDARD</u>

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In testing the sufficiency of the complaint, the Court "treats the plaintiff['s] factual allegations as true and draws all reasonable inferences" in the plaintiff's favor. *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1030 (N.D. Cal. 2019).

## III. <u>FACTUAL BACKGROUND</u>

Edward Jones operates the website www.edwardjones.com, as well as a password-protected customer portal which requires a User ID and password to enter. CCAC ¶¶ 2, 70–71. Plaintiffs Stevens and Frasher are Edward Jones accountholders who paid fees for financial services and regularly logged into the portal to review their transactions and account balances. *Id.* ¶¶ 25–28, 33–36. Plaintiff Shah is not an accountholder, but used the public advisor-matching quiz, through which he provided information about his finances, investments, and employment status. *Id.* ¶¶ 41–44.

Unbeknownst to any of them, Edward Jones had embedded third-party tracking technologies in the source code of these web properties that intercepted their communications and transmitted them, in real time, to Google, Meta, LinkedIn, The Trade Desk, and ClickTale. CCAC ¶¶ 1, 4, 30, 38, 46. These allegations are not generic. Based on its own testing of the Edward Jones Properties, the CCAC documents what each technology captured, when, and to which third party it was sent. For example, from within the portal, Google received full transaction histories, account values, and the last four digits of account numbers, tied to IP addresses and identifying cookies, CCAC ¶¶ 137–

146; and on the public survey, Meta and LinkedIn received the users' responses, revealing their savings levels and whether they worked with a financial advisor, CCAC ¶¶ 127–133.

The data Edward Jones disclosed has established, objective value. The market for consumer data has been valued at as much as $200 billion, and financial and transaction datasets of the kind at issue here command substantial sums. CCAC ¶¶ 166–169. Had Plaintiffs known that Edward Jones would disclose and monetize this information, they would not have paid Edward Jones for its services, or would have paid less. CCAC ¶ 170. None of the Plaintiffs consented to the interception, disclosure, or recording of their communications. CCAC ¶¶ 32, 40, 48.

## IV. ARGUMENT

### A. Edward Jones's Attacks on Plaintiff Shah are Improper

Plaintiff Shah did not intend to dismiss his claims in the Central District with prejudice, as evidence by his re-filing in this district the same day. *See* ECF No 23-1. The document Edward Jones points to is titled "NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE" and was filed on PACER as "NOTICE of Voluntary Dismissal filed by Plaintiff Vishal Shah. Dismissal is without prejudice." *Shah v. Edward D. Jones and Co., L.P.*, No. 8:26-cv-00364 (C.D. Cal.), ECF. No. 10. The Court should reject Edward Jones's attempt to capitalize on a scrivener's error, where the dismissal was marked with prejudice, which would be unjust. *See Parks v. Armour Pharms.*, 1995 WL 13232, at *1 (N.D. Cal. Jan. 6, 1995) (declining to treat a dismissal with prejudice when it was clearly done by "mistake and inadvertence").[1]

### B. Plaintiff Shah Did Not Consent to Defendant's Conduct

Consent is an affirmative defense for which Edward Jones bears the burden to establish. *See Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 620 (N.D. Cal. 2021) (confirming it is defendant's "burden to prove consent" as to CIPA and ECPA claims); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021) ("[I]t is [the defendant's] burden to prove consent" for ECPA claims).

---

[1] Its separate criticism of Plaintiff Shah as a serial litigant (Mot. at 3 n.3) also is not a basis to dismiss his claims. *See Arroyo v. Sanatlantic Petroleum LLC*, No. CV193514DSFMAAX, 2019 WL 13466445, at *2 (C.D. Cal. July 31, 2019) ("[T]hat Plaintiff is a serial litigant is not grounds on which to dismiss his Complaint.").

Here, Edward Jones's consent defense rests on the word of one declarant, Angela Kammann, whose statements have not been tested and cannot be verified. *See* ECF No. 50-1. Moreover, Ms. Kammann is noticeably silent on *how* Plaintiff Shah personally responded to this purported banner (i.e., accepting or managing cookies) or if the banner even *works*. Mot. at 4. These gaps alone require rejecting Edward Jones's consent defense.[2]

But even if Plaintiff Shah did "Accept Cookies" this still would not constitute consent because the statements on the banner state only that technologies "collect information" about "your use of the Sites." This says nothing about sharing and monetizing private information, like financial goals and intended investments, with third parties. *See In re Meta Pixel Healthcare Litig.,* 647 F. Supp. 3d 778, 794 (N.D. Cal. 2022) (disclosing collection of "general internet browsing" does not give rise to consent to collection of more sensitive data which is "a different matter entirely"); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d at 792 (general disclosures that Meta shares "information" are insufficient to create consent for sharing sensitive user interactions).[3]

None of the cases Edward Jones cites supports its position, as each involved clear disclosures that specified the exact type of data that would be shared or collected. *See* Mot. at 4-5 (citing *Silver v. Stripe Inc.*, 2021 WL 3191752, at *4–6 (N.D. Cal. July 28, 2021) (finding consent to share financial data with Stripe because policy stated this exact type of data would be shared with "payment processing partner(s)" like Stripe); *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 955 (N.D. Cal. 2017) (finding consent to collect non-"sensitive" data where plaintiffs "admit[ted] that they understood and agreed" to policies that made clear Meta collected data from third-party websites); *Lakes v. Ubisoft, Inc.*, 777 F. Supp. 3d 1047, 1056 (N.D. Cal. 2025) (finding disclosures sufficient where it "explicitly" states "game data and login and browsing data"). Its reliance on *Javier v. Assurance IQ, LLC*, 2021 WL 940319, at *2 (N.D. Cal. Mar. 9, 2021) is also misplaced, as the Ninth Circuit reversed the District Court's finding on consent. *See Javier v. Assurance IQ, LLC*, 2022 WL 1744107, at *1–2 (9th Cir. May 31, 2022). And, finally, its citation to *In re Google*

---

[2] Plaintiffs' testing, at a minimum, raises an issue of fact as to whether the consent banner prevented third party tracking at all. *See* Declaration of Joshua R. Wilner.

[3] Edward Jones does not rely on its "Online Privacy Policy" as a basis for its consent defense.

*Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 828 (N.D. Cal. 2020) *supports* a finding there is no consent here, as the Court made clear "vague language" like using "information" for "advertising" does not establish actual consent because it "says nothing about the types of information" that will be shared.

### C. **Venue is Proper**

The plain language of 28 U.S.C. § 1391(b)(2) confirms that only some of the "harms" and a "substantial" portion of events must occur in this district, not a "majority" or even that "the events in [this] district predominate." *Armacost v. Depuy Synthes Sales, Inc.*, 2018 WL 11471582, at *2 (N.D. Cal. June 7, 2018) (citing cases). Here, Edward Jones does *not* dispute that Plaintiff Frasher's claims are properly brought in this District. Mot. at 6. That is dispositive, as the inclusion of other Plaintiffs from elsewhere in California does not make venue improper. *See Armacost v. Depuy Synthes Sales, Inc.*, 2018 WL 11471582, at *2 (N.D. Cal. June 7, 2018) (rejecting assertion "each plaintiff" must establish venue for each of their individual claims); *Rodriguez v. California Highway Patrol*, 89 F. Supp. 2d 1131, 1136 (N.D. Cal. 2000) (similar). If that were true, there would never be a proper representative class action of individuals from different counties, which of course is not the law.

Edward Jones's argument that the San Francisco Division is not the proper division (Mot. at 6) is a red herring, because "if venue is proper in one division it would be proper in any division within the district." *See Branch v. Umphenour*, 2016 WL 7491629, at *2 (E.D. Cal. Dec. 29, 2016) ("[T]he venue statute speaks in terms of districts and not divisions[.]").

### D. **Plaintiffs Readily Meet the Requirement for Article III Standing**

Edward Jones's only challenge to standing is that the Complaint allegedly does not state, for each Plaintiff, *which* data was disclosed and to *whom*. This is incorrect. The Complaint explains in detail—as supported by actual testing—how, when, and what types of data were shared about each Plaintiff and to whom this data was disclosed. CACC ¶¶ 73-148; *see also Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 908 (C.D. Cal. 2021) (rejecting standing challenge based on lack of pleading of "personal[] experience[]" where defendant's misconduct is "consistent[]" for the same product,

and is "verified" by testing); *see also Cottle v. Plaid Inc.*, 536 F. Supp. 3d 461, 480 (N.D. Cal. 2021) (holding undisclosed collection of consumers' private transaction data by a third party gives rise to Article III standing); *Griffith v. TikTok, Inc.*, 2023 WL 9019035, at *2-4 (C.D. Cal. Dec. 13, 2023) (finding standing where defendants collected "browsing data" including "financial information" from third party websites).

While Edward Jones complains it wants more specificity, including criticizing the use of the phrases "full transaction history[ies]" and specific "survey questions", it fails to cite any authority supporting this heightened pleading standard it advocates for. *See* Mot. at 7 (citing *In re: USA Today Co., Inc.*, *Internet Tracking Litig.*, 2026 WL 932655, at *2 (N.D. Cal. Apr. 6, 2026) (merely finding IP addresses alone and non-specific "identifiers" are not enough to allege a privacy injury)).

**E. Plaintiffs Plausibly Allege CIPA 631 Claims**

Edward Jones only challenges to Plaintiffs' CIPA 631 claims are whether the data at issue constitutes "content" and whether the alleged interceptions happen "in transit." Both arguments fail.

***"Content".*** The Ninth Circuit has confirmed full-string URLs and other data fields that reveal private "interests, queries, and habits" qualify as "content." *See In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 605 (9th Cir. 2020) (holding full-string URLs are content). Because Edward Jones disclosed its customers' private searches and queries, including their financial transaction histories, Edward Jones disclosed the content of their communications. *See Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1054 (N.D. Cal. 2025) ("Plaintiffs' personal information [] is a content under CIPA."); *Casillas v. Six Flags Ent. Corp.*, 2025 WL 3684543, at *5 (C.D. Cal. Dec. 15, 2025) (finding "search queries" and "browsing habits" are "content").

Edward Jones's own authority confirms the same. *See* Mot. at 9 (citing *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) (acknowledging "full-string detailed URLs" may potentially constitute content and that information entered into forms is "content" for purposes of a motion to dismiss)). The two other cases Edward Jones cites merely involved different types of data and are thus irrelevant to the content inquiry before this Court. *See* Mot. at 9 (citing *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (data breach involving only

"identification and address information"); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *1, *3 (N.D. Cal. Apr. 15, 2021) (routing information like "data and time" "duration" and "location").

***"In Transit"[4].*** The Complaint alleges—based on actual testing—that Edward Jones's tracking technology intercepts the content of Plaintiffs' communications (financial transactions, goals, and assets) in real time, as those communications occur. CACC ¶¶ 120–148. When a customer queries their transactions on the password-protected portal, Google intercepts those records via "GET" requests earlier than or simultaneously with Edward Jones, and the other technologies function the same way. *Id.* ¶¶ 101, 138–146. Courts routinely hold such allegations sufficient at the pleading stage. *See Riganian v. LiveRamp Holdings, Inc.*, 791 F. Supp. 3d 1075, 1092 (N.D. Cal. 2025) (sustaining 631 claim where plaintiffs allege interception "before the communications are received" and "completely loaded"); *Krzyzek v. OpenXTechs, Inc.*, 2026 WL 206855, at *7 (N.D. Cal. Jan. 27, 2026) (pixel intercepting data "in transit" and "within seconds" of browsing sufficient).

Edward Jones's cases are inapposite. *Hammerling* and *Esparza* dismissed complaints that failed to allege when or how any interception occurred, leaving open that the data could have been "collected . . . at a later date." *Hammerling v. Google, LLC*, 2022 WL 17365255, at *10 (N.D. Cal. Dec. 1, 2022); *Esparza v. Gen Digital Inc.*, 2024 WL 655986, at *4 (C.D. Cal. Jan. 16, 2024). That these allegations are included here actually confirms Plaintiffs have satisfied this requirement.

Defendants' contention that use of the word "disclosure" means the interception could not have occurred in real-time is illogical. Mot. at 8. Nothing about the use of this word is inconsistent with Plaintiffs' allegations that the interception occurs in real time, as supported by actual testing excerpted throughout the Complaint. That Plaintiffs allege Edward Jones controls and configured these events, as part of the installation process, also does not defeat the plausibility of Plaintiffs' allegations that the interception post-installation happens simultaneously. Mot. at 9.

**Two-Party Consent.** Because CIPA is a two-party consent statute, Edward Jones's party status does not absolve it of liability for aiding and abetting interceptions by others, in violation of

[4] Edward Jones's claim that the ECPA contains this requirement is unsupported. Mot. at 7-8.

CIPA § 631(a)'s fourth clause, because Plaintiffs did not consent. Edward Jones's authority does not support its suggestion that its party status absolves it of this type of liability. Mot. at 9-10 (citing *Williams v. What If Holdings LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (confirming parties can still violate the "fourth clause" of 631); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732, 744 (N.D. Cal. 2023) (same but finding no liability because third parties to whom disclosures were made function as mere "tape recorder[s]")).

**F. Plaintiffs Plausibly Allege ECPA Claims**

Edward Jones does not separately challenge Plaintiffs' Electronic Communications Privacy Act ("ECPA") claim, except to argue that the crime-tort exception does not apply. Mot. at 10.

This is wrong. This exception applies where, as here, the defendant had "'an independent prohibited purpose' beyond the act of interception itself," such as to disclose the intercepted data to third parties, use it "for advertising," or compile comprehensive user files. *See id*. at *4-5; *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1067 (N.D. Cal. 2021) (allegations that "Google intercepted [plaintiffs'] communications for the purpose of associating their data with preexisting user profiles" sufficient to invoke crime-tort exception); *Riganian*, 791 F. Supp. 3d at 1090-91 (same); *Krzyzek*, 2026 WL 206855, at *8 (same).

Contrary to Edward Jones's suggestion, a financial motive does not defeat this exception. *See Stein v. Edward-Elmhurst Health*, 2025 WL 580556, at *6 (N.D. Ill. 2025) ("That's like saying that a bank robber's purpose was not to commit a crime—it was to make money."). Indeed, "the majority" of courts have "held a monetary purpose does not insulate a party from liability under the Wiretap Act." *Smith v. Rack Room Shoes, Inc.*, 2025 WL 2210002, at *5 (N.D. Cal. Aug. 4, 2025); *see also Riganian*, 791 F. Supp. 3d at 1090 ("[C]ommitting a tort and seeking a profit are not mutually exclusive[.]"); *Krzyzek*, 2026 WL 206855, at *8 ("[B]eing primarily motivated by profit does not render the crime-tort exception inapplicable."). Edward Jones cites *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022), which does not support this proposition, as it merely held that a financial motive *absent* a showing of a criminal or a tortious purpose is not enough. *See* Mot. at 10; *see also Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064,

1078 (N.D. Cal. 2023) (later sustaining ECPA claim and applying crime-tort exception).

**G. <u>Plaintiffs Plausibly Allege CIPA § 632 Claims</u>**

Edward Jones's arguments against sustaining Plaintiffs' § 632 claims also fail.

Its argument that "software code is not a 'device'" under § 632 is inconsistent with "[r]ecent decisions in this Circuit" that have expressly rejected this contention. *See Libman v. Apple, Inc.*, 2024 WL 4314791, at *13 (N.D. Cal. Sept. 26, 2024); *see also Yockey v. Salesforce, Inc.*, 2024 WL 3875785, at *7 (N.D. Cal. Aug. 16, 2024) (agreeing that "software qualifies as a device under Section 632" and collecting cases). *Moreno v. San Francisco Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017), which Edward Jones cites (Mot. at 10-11), is an outlier case that courts have refused to follow, and it only involves § 637.7, not § 632. *See Tate v. VITAS Healthcare Corp.*, 762 F. Supp. 3d 949, 957 (E.D. Cal. 2025) (refusing to apply *Moreno* to § 632); *Meta Platforms, Inc.*, 690 F. Supp. 3d at 1080 (N.D. Cal. 2023) (same).

Edward Jones then makes the incredible argument that personal financial information is not confidential. Mot. at 11. Again, case law says otherwise. *See, e.g.*, *Jones v. Skullcandy, Inc.*, 2026 WL 699819, at *18 (S.D. Cal. Mar. 12, 2026) (sustaining a § 632 claim where "Defendant allows third-parties to collect information such as '[d]etailed browsing histories and product preferences,' '[s]hopping cart contents and purchase behavior,' [and] '[p]ersonally identifiable information including names, email addresses, and Facebook/Google account identifiers'"); *Yoon v. Meta Platforms, Inc.*, 2024 WL 5264041, at *7 (N.D. Cal. December 30, 2024) (finding plausible allegations of confidentiality where defendant used software to collect video viewing data without plaintiff's consent); *L.B v. LinkedIn Corp.*, 2025 WL 2899514, at *18 (N.D. Cal. Oct. 10, 2025) (declining to decide what a reasonable expectation is at the pleading stage and denying the motion to dismiss); *Shah v. Capital One Fin. Corp.*, 768 F. Supp. 3d 1033, 1054 (N.D. Cal. 2025) (finding sufficient allegations for § 632 based on similar facts).[5]

The cases Edward Jones cites do not support its broad claim that nothing on the internet is

---

[5] Edward Jones also argues in passing that the communications are not "confidential" because of the disclosures it made in its Cookies Banner. Mot. at 5. This consent argument fails for the same reasons as set forth above.

confidential and involved less sensitive online communications. *See* Mot. at 10-11 (citing *People v. Nakai*, 183 Cal. App. 4th 499, 518 (2010) (internet "chat dialogues" with a stranger are not confidential where that person could disseminate them to "thousands of people"); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *7 (N.D. Cal. May 21, 2021) (app activity data from non-sensitive apps not confidential); *Boulton v. Community.com, Inc.*, 2025 WL 314813, at *2 (9th Cir. Jan. 28, 2025) (plaintiff "admitted" during hearing that she knew her "text messages" "would by nature be recorded")).

**H. <u>Plaintiffs Plausibly Allege CIPA § 638 Claims</u>**

Plaintiffs' § 638 claims are also plausibly alleged. Edward Jones's suggestion that Sections 638.50 and 638.51 do not apply to the interception of internet communications has been repeatedly rejected by courts in this Circuit. Mot. at 25; *Harris v. iHeart Media, Inc.*., 2026 WL 247875, at *3 (N.D. Cal. January 29, 2026) ("The overwhelming majority of courts that have considered this question have similarly concluded that third-party internet trackers meet the technical requirements of a pen register under CIPA."); *Mirmalek v. L.A. Times Commc'ns LLC*, No. 24-CV-01797, 2024 WL 5102709, at *3 (N.D. Cal. Dec. 12, 2024) (finding software that intercepts users' IP addresses are pen registers); *In re Meta Pixel Tax Filing Cases*, 2025 WL 2243615, at *6 (N.D. Cal. Aug. 6, 2025) (holding Meta Pixel constitutes a pen register); *Riganian*, 791 F. Supp. 3d at 1092-94 (finding JavaScript code that tracks users' name, email, and phone number is pen register).

That Edward Jones has managed to find one case[6] that has limited CIPA § 638.51(a) to telephone communications (*see* Mot. at 12 (citing *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *3 (Cal. Super. Jan. 27, 2025)) is of no moment, as that conclusion is not supported by the plain language of CIPA § 638.51(a) or its legislative history. *See, e.g.*, *Mirmalek*, 2024 WL 5102709, at *3 (rejecting argument that § 638.51 applies only to telephones based on the statute's plain language); *Conohan v. Rad Power Bikes Inc.*, No. CV 25-0106, 2025 WL 1111246, at *6 (C.D. Cal.

[6] Edward Jones cites one other case which does not address CIPA § 638.51(a) at all. Mot. at 10 (citing *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 191 (2021) (interpreting CIPA Section 632.7 which expressly applies to "cordless telephone" "radio telephone" and "landline telephone")). This case does not involve CIPA Section 632.7 claims.

Apr. 3, 2025) (same); *Gabrielli v. Motorola Mobility LLC*, 2025 WL 1939957, at *11–12 (N.D. Cal. July 14, 2025) (same); *Riganian*, 791 F. Supp. 3d at 1093 (same); S. Comm. on Pub. Safety, Analysis of A.B. 929, 2015-2016 Reg. Sess. (Cal. June 16, 2015) at 10 (choosing to define terms more broadly in recognition of the "age of rapidly changing technology"); *id*. at 16 (explaining pen registers and trap or trace devices "track which people . . . are communicating with one another and at what times"). Nor do Edward Jones's references to Sections 638.52(d)(1) and (3) bear any significance because those are separate sections that "merely list[] requirements relating to a particular type of pen register: one that is installed on a telephone line," which is not at issue here. *See Shah v. Fandom, Inc.*, 754 F. Supp. 3d 924, 930 (N.D. Cal. 2024).

Edward Jones argues that because the third-party software it embedded on its web properties also intercept "contents" of a communication, in addition to addressing information, that it is immune from liability under CIPA § 638.51(a). Courts do not accept this reading. *Meta Pixel Tax Filing*, 2025 WL 2243615, at *5 (rejecting the same "loophole" argument as "troubling" given it would permit "unauthorized pen register" and noting courts have "unsurprising[ly]" permitted both claims at the same time); *see also Riganian*, 791 F. Supp. 3d at 1092-94 (allowing Section 631(a) and Section 638.51 claims to proceed concurrently); *Gabrielli*, 2025 WL 1939957, at *11-12 (same). Indeed, if Edward Jones were correct, this exception would be on the enumerated list that is part of the statute. *See* Cal. Penal Code § 638.51(b) (listing exceptions). Its omission confirms the exact opposite. The legislative history further reflects that CIPA § 638.51's use of the phrase "but not the contents" was only intended to make clear that a court order granting permission to use a pen register does *not* also include the *right* to intercept "content[s]" because the interception of contents is subject to a "much higher standard of scrutiny" and "higher standard of probable cause." *See* S. Comm. on Pub. Safety, Analysis of A.B. 929, 2015-2016 Reg. Sess. (Cal. June 16, 2015) at 11. In other words, the Legislature did not intend to convey immunity to a defendant who is intercepting *both* addressing information and contents. *See id*.[7]

---

[7] While Edward Jones cites two decisions by a single federal judge that held otherwise (*Kishnani v. Royal Caribbean Cruises Ltd.*, Case No. 25-cv-01473-NW, 2025 WL 1745726, at *4 (N.D. Cal. Jun. 24, 2025) and *Mitchener v. Curiositystream, Inc.*, Case No. 25-cv-01471-NW, 2025 WL

### I. <u>Plaintiffs Plausibly Allege Invasion of Privacy Claims</u>

Courts evaluating common law intrusion upon seclusion claims consider whether: "(1) there exists a reasonable expectation of privacy, and (2) the intrusion was highly offensive." *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d at 601.

Both requirements are satisfied here. Consumers have a reasonable expectation of privacy not to have their private and identifiable data—like financial transaction records—intercepted and used for targeted advertising without their consent. *See Silver v. Stripe Inc.*, 2021 WL 3191752, at *6 (N.D. Cal. July 28, 2021) (recognizing expectation of privacy in financial transactions). And the interception and use of this data—including private transaction records shared on a password-protected portal provided by one's financial provider—is highly offensive. *See Gabrielli*, 2025 WL 1939957, at *10 (refusing to conclude as a matter of law that the collection of IP addresses and browsing history is not highly offensive).

The data involved in the cases Edward Jones cite is not remotely comparable. *See* Mot. at 13-14 (citing *Thomas v. Papa Johns Int'l, Inc.*, 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) (data about pizza orders); *Hubbard v. Google LLC*, 2024 WL 3302066, at *7 (N.D. Cal. July 1, 2024) (commingling of a company's own data); *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 296 (Cal. 2009) (workplace monitoring); *Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 819 (9th Cir. 2002) (conversations at "offices"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1038 (N.D. Cal. 2014) (Yahoo's collection and use of emails sent to Yahoo Mail). *Shah v. Cap. One Fin. Corp.* is also distinguishable because unlike here, the plaintiffs in that case did not allege the collection of sensitive financial data from within password-protected portals or responses to surveys that directly reveal one's financial status that Plaintiffs naturally expect to be private. 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025).

Edward Jones's argument that Plaintiffs do not adequately plead the "use" of their

---

2272413, at *5 (N.D. Cal. Aug. 6, 2025)), these decisions, respectfully, incorrectly adopt a defendant-created escape-valve without appreciating what such an exception does to allow conduct *worse* than what their own holdings say the statute prohibits.

information for purposes of an intrusion upon seclusion claim is also wrong. Mot. at 12. As alleged in the Complaint, the data Edward Jones disclosed is used by third parties to improve their ad optimization. This is an actionable misuse. *See Krzyzek*, 817 F. Supp. 3d at 865 (agreeing with "various other lower courts that have found that 'engag[ing] in unauthorized tracking and data collection, allowing it to compile detailed profile of each [p]laintiff's online web browsing activity – including highly sensitive browsing activity – tied to their email addresses and other personal identifiers' is actionable.") (quoting *Selby v. Sovrn Holdings, Inc.*, 2025 WL 2950164, at *3 (N.D. Cal. Oct. 17, 2025)).

**J. <u>Plaintiffs Plausibly Allege UCL and CDAFA Standing</u>**

As for UCL and CDAFA claims, Edward Jones only challenges Plaintiffs' statutory standing. Mot. at 14.

Here, Plaintiffs allege (1) they lost money or property and suffered damages in the form of their valuable data; (2) an entitlement to the unjust profits Edward Jones misappropriated from their data; and (3) for Plaintiffs who have Edward Jones accounts, that they would not have paid money, or would have paid less, if they were aware Edward Jones would misappropriate their data. Any one of these is sufficient to allege loss of money or property for UCL standing or damage or loss for purposes of CDAFA. *See Brown v. Google LLC*, 2021 WL 6064009, at *17 (N.D. Cal. Dec. 22, 2021) (citation modified) ("[T]he Ninth Circuit and a number of district courts. . . have concluded that plaintiffs who suffered a loss of their personal information suffered economic injury and had standing [for UCL]."); *Brown v. Google LLC*, 685 F. Supp. 3d 909, 940 (N.D. Cal. 2023) (finding CDAFA standing because plaintiffs "have a stake in the value of their misappropriated data"); *Doe v. GoodRx Holdings, Inc.*, 2025 WL 2052302, at *12 (N.D. Cal. July 22, 2025) (same for UCL); *McClung v. AddShopper, Inc.*, 2024 WL 189006, at *2 (N.D. Cal. Jan. 17, 2024) (finding lost "benefit of [] bargain" sufficient to establish statutory standing for both UCL and CDAFA).

While Edward Jones cites *Shah*, 768 F. Supp. 3d at 1048 and *Hazel v. Prudential Fin., Inc.*, 2023 WL 3933073, at *6 (N.D. Cal. June 9, 2023), which found unjust profits to defendants are not themselves a loss to plaintiffs, that suggestion is inconsistent with *Facebook Tracking*, which

acknowledged a right to disgorgement regardless of whether a plaintiff themselves expended "financial resources" or their property became "less valuable." *See Facebook Tracking.,* 956 F.3d at 600. These decisions are also inconsistent with economic realities, where personal financial data is a valuable commodity that has objective value. CCAC ¶¶ 166, 169-170, 275-276.

### K. Plaintiffs Plausibly Allege Negligence Claims

In the alternative, Plaintiffs argue that Edward Jones's conduct was—at a minimum—negligent. Edward Jones argues that Plaintiffs' negligence claim fails: (1) under the economic loss doctrine; and (2) for failure to allege harm. Neither argument is consistent with the law.

***Economic Loss Doctrine Does Not Apply.*** The economic loss doctrine does not apply for at least two reasons. First, Plaintiffs allege privacy injuries, which are not economic in nature. *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1020 (N.D. Cal. 2024) (declining to apply economic loss doctrine to privacy injuries). Second, the economic loss doctrine does not apply because Edward Jones's duty does not arise from any contractual obligation but from common law tort duties not to "disclose private facts." *Stasi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 914 (S.D. Cal. 2020). Neither of these exceptions turns on whether Plaintiffs and Edward Jones are "in privity of contract" like Edward Jones contends in its Motion. *See* Mot. at 15.

***Plaintiffs Allege Viable Theories of Harm.*** Plaintiffs allege privacy harms, diminution in value, and loss of benefit of the bargain, all of which are viable negligence damages. *See In re Meta Pixel Tax*, 724 F. Supp. 3d at 1020 (sustaining negligence claims premised on "loss of privacy" "loss of the benefit of the bargain" and "diminution in value of their protected financial information"). While Edward Jones claims that these alleged injuries are "rooted in the alleged risk of future harm" that is incorrect. Mot. at 15. While there is a future risk of *additional* privacy harms, the disclosure and use of Plaintiffs' data at the time they used the Edward Jones web properties was a completed tort causing actual privacy harm at that time. Neither *Krottner* or *Pruchnicki* support Edward Jones's position that Plaintiffs damages here are insufficient, as both those cases were evaluating harms casually connected to data breaches—not harms caused by intentional privacy violations. Mot. at 15 (citing *Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010)

(evaluating future risk of harm in data breach case); *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021) (evaluating diminution in value in data breach case)). Both *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012) and *In re iPhone App. Litig.*, 844 F. Supp. 2d 1040, 1064 (N.D. Cal. 2012) are also distinguishable. *Low* only involved speculative claims of diminution in value, whereas *In re iPhone* involved only disappointed expectations, increased security risks, and loss of device resources, which are not the harms alleged for this claim.

### L. <u>Plaintiffs Plausibly Allege Unjust Enrichment Claims</u>

"Both the Ninth Circuit and the California Supreme Court have allowed independent claims for unjust enrichment to proceed." *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1051 (N.D. Cal. 2025); *Shipley v. Meta Platforms, Inc.*, 2025 WL 3683868, at *13 (N.D. Cal. Dec. 18, 2025) (same). "To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016). Here, Plaintiffs allege that Edward Jones monetized Plaintiffs' private data, including transaction history, by disclosing this information to large advertisers. These ill-gotten profits rightfully belong to Class Members.

Edward Jones briefly argues that unjust enrichment is unavailable because plaintiffs have an adequate remedy at law. Not so. Several courts recognize legal damages are not sufficient to remedy privacy violations or continued misappropriation of one's data. *See Turner v. Apple, Inc.*, 2022 WL 445755, at *4 (N.D. Cal. Feb. 14, 2022) (allowing equitable claims based on "misappropriated data" because "legal damages do not cover the full value of the harm"); *Brooks v. Thomson Reuters Corp.*, 2021 WL 3621837, at *11 (N.D. Cal. Aug. 16, 2021) (sustaining unjust enrichment claim where "the injury [] is an invasion of privacy that can never be fully remedied through damages"). Edward Jones's own authority supports this. Mot. at 15 (citing *Shah v. Cap. One Fin. Corp.*, 768 F. Supp. 3d 1033, 1051 (N.D. Cal. 2025) (sustaining independent unjust enrichment claim where "Defendant benefited from using Plaintiffs' information")).

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Edward Jones's Motion in its entirety.

Dated: July 20, 2026

By: /s/ *Joshua R. Wilner*

Joshua R. Wilner S.B.N. 353949
**BURSOR & FISHER, P.A.**
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel.: (925) 300-4455
jwilner@bursor.com

Amber L. Schubert S.B.N. 278696
Willem F. Jonckheer S.B.N. 178748
Robert C. Schubert S.B.N. 62684
Sonum Dixit S.B.N. 353395
**SCHUBERT JONCKHEER & KOLBE LLP**
2001 Union Street, Suite 200
San Francisco, CA 94123
Tel.: (415) 788-4220
Fax: (415) 788-0161
rschubert@sjk.law
wjonckheer@sjk.law
aschubert@sjk.law

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (admitted *pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

Alec M. Leslie (*pro hac vice*)
**BURSOR & FISHER, P.A.**
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel.: (646) 837-7126
aleslie@bursor.com

*Attorneys for Plaintiffs*